# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**BETTY BAUGH**                                                                                          **PLAINTIFF**

**v.**                          **Case No. 4:15-cv-00064 KGB**

**WINGATE INNS INTERNATIONAL, LLC;**
**and LITTLE ROCK LODGING, LLC d/b/a**
**WINGATE BY WYNDHAM HOTEL**                                          **DEFENDANTS**

## JUDGMENT

This matter came for trial by jury on the 20th day of April, 2016.  Plaintiff Betty Baugh appeared through her attorney Tre Kitchens.  Defendant Wingate appeared through its attorney Michael McCarty Harrison.  All parties announced ready for trial.  A jury of twelve was selected and sworn.

On April 21, 2016, the jury returned a verdict as follows:

## VERDICT

1. Do you find from a preponderance of the evidence that there was negligence on the part of Defendant Wingate?

    ANSWER:  __YES__
    (Yes or No)

                                                                /s/ _____
                                                                      FOREPERSON

                                                                      _____
                                                                      DATE

2. Do you find from a preponderance of the evidence that there was negligence on the part of Plaintiff Betty Baugh?

    ANSWER: __YES__
        (Yes or No)

/s/ _____
    FOREPERSON

_____
DATE

3. Using 100% to represent the total responsibility for the occurrence and any injuries or damages resulting from it, apportion the responsibility between the parties whom you have found to be responsible.

    ANSWER:

    Wingate    __51__%

    Betty Baugh    __49__%

/s/ _____
    FOREPERSON

_____
DATE

4. Do you find from a preponderance of the evidence that Plaintiff Betty Baugh suffered damages proximately caused by the negligence of Wingate?

    ANSWER: __YES__
        (Yes or No)

/s/ _____
    FOREPERSON

_____
DATE

5. State the amount of damages you are awarding Betty Baugh, if any, without regard to the apportionment of fault in Question Number 3:

    1. Nature, extent, and duration of any injury and whether it is temporary or permanent. $30,000.00

    2. The reasonable expense of any necessary medical care, treatment, and services received. $23,765.78

    3. Any pain and suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future. $30,000.00

    4. The value of working time lost. $1,315.68

    5. Any scars, disfigurement, and visible results of her injury. $5,000.00

/s/ _____
    FOREPERSON

_____
    DATE

Judgment is therefore entered in favor of plaintiff Betty Baugh and against defendant Wingate. The Court enters judgment in favor of Ms. Baugh in the amount of $45,941.54, which represents the award of $90,081.46 reduced by the percentage of fault assigned to her or, in other words, $90,081.46 minus $44,139.92.

Dated this the 30th day of November, 2016.

_____
Kristine G. Baker
United States District Judge